Todd E. Gordinier (SBN 82200)
Craig A. Taggart (SBN 239168)
BINGHAM MCCUTCHEN LLP
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com

Attorneys for Defendant
HYUNDAI MOTOR AMERICA

Elaine Byszewski (Cal. Bar No. 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
700 South Flower Street, Suite 2940
Los Angeles, CA 90017
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
E-mail: elaine@hbsslaw.com

Attorneys for Plaintiffs
CHRISTOPHER KEARNEY and NANCY KEARNEY, ET AL.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KEARNEY and NANCY KEARNEY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA,<br><br>Defendant. | Case No. SACV09-01298-JST (MLGx)<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

The Court recognizes that some portion of the materials expected to be produced during the course of this action may contain: (A) nonpublic financial information, trade secrets, or similar proprietary business information as contemplated by Federal Rule of Civil Procedure 26(c)(1)(G); or (B) other information protected by state or federal law. THEREFORE, in order to protect the confidentiality of such materials as much as is practical during the litigation, the Court hereby GRANTS the parties' stipulation and enters this Protective Order:

1. Any party may designate as "confidential" those documents, tangible objects and/or information that it (or a person or entity other than a party to this action, such as Hyundai Motor Company ("HMC")) produces in this action that it reasonably and in good faith believes to contain: a) information protected by Federal Rule of Civil Procedure 26(c)(1)(G) or b) other information protected by state or federal law. If the receiving party so requests, the party designating information "confidential" must identify the Federal Rule or state or federal law protecting the information within fourteen days of receiving such request. Such documents and/or tangible objects may include, but not be limited to, responses to requests for production, responses to interrogatories, responses to requests for admission, and documents produced in response to requests for production.

2. Any party may also designate as "confidential" deposition testimony that it reasonably and in good faith believes to contain: a) information protected by Federal Rule of Civil Procedure 26(c)(1)(G) or b) other information protected by state or federal law. If one of the parties so requests, the party designating information "confidential" must identify the Federal Rule or state or federal law protecting the information within fourteen days of receiving such request.

3. The parties agree that all such designated documents, tangible objects, and information (hereinafter "Confidential Materials") shall be treated as confidential in accordance with the terms of this Protective Order ("Order").

4. Except with the prior written consent of counsel for the party designating Confidential Materials, such Confidential Materials may be shown or disclosed only to the following persons:

   a. Counsel of record for the parties in this action;

   b. Attorneys and other individuals employed by the parties' law firms, Hagens Berman Sobol Shapiro LLP, Hogan Lovells LLP, and Bingham McCutcheon LLP, that are assisting counsel of record; and

   c. Independent experts and consultants retained by counsel of record in this action whose assistance is deemed necessary by counsel for the prosecution or defense of this action, and employees of such experts and consultants necessary to assist such persons in performing their duties, provided that no such disclosure shall be made to any person currently employed by a competitor of HMA;

   d. The named plaintiffs in this action and in-house counsel and other employees of HMA whose assistance is deemed necessary by counsel for the prosecution or defense of this action;

   e. Bona fide witnesses in this action who require, according to counsel, access to Confidential Materials for the prosecution or defense of this action.

5. Any recipient of such Confidential Materials shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Order and shall not use such Confidential Materials for purposes other than preparation for trial or settlement of this action.

A/74296201.1

6. Any recipient of such Confidential Materials shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Materials in order to ensure that the confidential nature is maintained.

7. Any recipient of such Confidential Materials listed in Paragraphs 4(c) through 4(e), above, prior to receipt thereof, shall be furnished with a copy of this Order, and shall be required to execute an undertaking of the type attached hereto as <u>Exhibit A</u>. The original of each <u>Exhibit A</u> executed by a recipient of Confidential Materials shall be furnished to counsel for the receiving party.

8. In the event that any receiving party desires that any Confidential Materials be included with, or the contents thereof be in any way disclosed, in any pleading, motion or other paper filed with the Clerk of this Court, the receiving party shall accompany the filing with a motion seeking an order requiring that such Confidential Materials be kept under seal by the Clerk until further order of the Court. Upon good cause shown, the Court may order that the use of any such Confidential Materials contained therein and any testimony associated with the Confidential Materials contained therein shall be held *in camera* or under seal.

9. The production of such Confidential Materials by any party shall not constitute a waiver of any claim or right of withholding or confidentiality which it may have.

10. If a dispute arises between any of the parties with respect to whether any Confidential Materials, in fact, contain: a) information protected by Federal Rule of Civil Procedure 26(c)(1)(G) or b) other information protected by state or federal law, the party seeking to designate the materials as Confidential, following a meet and confer, may file a motion requesting that this Court resolve the issue. Unless and until this Court rules on the motion, the Confidential Materials shall be treated as if properly designated as Confidential Materials. At the request of any party and subject to the

Court's discretion, hearings may be held *in camera* to prevent the disclosure of Confidential Materials.

11. This Order has no effect upon and its scope shall not extend to a party's use of its own Confidential Materials. This Order has no effect upon and its scope shall not extend to either: a) HMA's use of HMC's Confidential Materials; or b) HMC's use of HMA's Confidential Materials.

12. Within 30 days of the termination of this action, all Confidential Materials (including all copies of Confidential Materials and notes, compilations, or extracts reflecting Confidential Materials) shall be returned to counsel for the party that produced the Confidential Materials, together with a certification from that party's counsel that all such Confidential Materials that were provided by the party's counsel have been returned to that party's counsel, or destroyed. Within 30 days of the termination of this action, any Confidential Materials stored or maintained in electronic format must be returned to counsel for the party that produced the Confidential Materials or confirmation provided that the Confidential Materials have been destroyed in accordance with the foregoing sentence, provided that, if such Confidential Materials are stored or maintained on a computer hard drive or other media that cannot be returned in such manner, counsel shall destroy or erase all such Confidential Material.

13. (a) Nothing in this Order shall require disclosure of any document, tangible object or information that the producing party contends is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or some other privilege or protection from disclosure (hereinafter "Privilege").

(b) The inadvertent production of documents, tangible objects, or information ("Discovery Material") that a party contends is otherwise subject to a Privilege ("Privileged Discovery Material") shall not, consistent with Rule 502(d) of

A/74296201.1

the Federal Rules of Evidence, constitute a waiver of the Privilege in this action and shall also not constitute a waiver of the Privilege in any other federal or state proceeding. Furthermore, consistent with Rules 502(a) and (e) of the Federal Rules of Evidence: (1) the act of producing Privileged Discovery Material shall not constitute a waiver of any Privilege that the producing party contends applies to any undisclosed documents, tangible objects, ESI, or other information ("Undisclosed Privileged Information") and (2) the production of Privileged Discovery Material shall neither be argued nor found to require the production of any Undisclosed Privileged Information based on the doctrine of subject-matter waiver or because of any factors enumerated in Rule 502(a) of the Federal Rules of Evidence.

(c) The production of any Discovery Material which the producing party contends is protected by Privilege and contends was produced inadvertently, within the meaning of Rule 502(b)(1) of the Federal Rules of Evidence, shall be without prejudice to any such claim of Privilege. The parties agree that the steps taken by a producing party to prevent any inadvertent disclosure and/or any delay in the discovery of inadvertently disclosed privileged information by the producing party shall not be grounds to claim that the privilege is waived. Such producing party shall not be held to have waived any rights solely by the fact of such asserted inadvertent production. If a producing party believes that a document, tangible object, electronically stored information or other information subject to a Privilege was inadvertently produced, notification of such inadvertent production and any disputes arising therefrom shall be resolved pursuant to the terms of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

(d) Nothing contained in this Order shall be construed to preclude any party in this Action from challenging in this Action another party's assertion of Privilege on any grounds other than those precluded by the foregoing sub-paragraphs of this

1  paragraph 13.  Any challenge to a party's assertion of Privilege shall be made
2  pursuant to this Court's motion procedures and, pending final determination of any
3  such motion, all Privileged Discovery Material subject to such challenge shall
4  continue to be treated as Privileged Materials.  Any final determination that
5  Privileged Discovery Material is not subject to a Privilege shall not alter the
6  designation of such Discovery Material as Confidential Materials and any challenge
7  to such designation shall be made pursuant to Paragraph 10, hereof.

DATED:   May 25, 2011

_____
HON. MARC L. GOLDMAN
United States Magistrate Judge

# **EXHIBIT A**

Todd E. Gordinier (SBN 82200)
Craig A. Taggart (SBN 239168)
BINGHAM MCCUTCHEN LLP
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com


Attorneys for Defendant
HYUNDAI MOTOR AMERICA

Elaine Byszewski (Cal. Bar No. 222304)
HAGENS BERMAN SOBOL SHAPIRO LLP
700 South Flower Street, Suite 2940
Los Angeles, CA 90017
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
E-mail: elaine@hbsslaw.com

Attorneys for Plaintiffs
CHRISTOPHER KEARNEY and NANCY KEARNEY, ET AL.

(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KEARNEY and NANCY KEARNEY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA,<br><br>Defendant. | Case No. SACV09-01298-JST (MLG)<br><br>**UNDERTAKING** |

A/74296201.1

I, _____, am over the age of eighteen, and declare as follows:

1. I have received a copy of the Protective Order in the above-referenced action. I have carefully read and understand the provisions of the Protective Order.

2. To the best of my ability, I will use the Confidential Materials only for purposes of the above-referenced lawsuit, and I will not disclose any Confidential Materials (including the substance of any Confidential Materials and any copy, summary, abstract, excerpt, index, or description of such materials) to anyone not qualified under the Protective Order to receive such Confidential Materials, and will otherwise comply with all of the provisions of the Protective Order.

3. I will return all Confidential Materials that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

4. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order in this action.

Dated: _____ _____
Signature

_____
Print Name

**Case No. SACV09-01298-JST (MLG)** **UNDERTAKING**

A/74296201.1