Elaine T. Byszewski (SBN 222304)
Lee M. Gordon (SBN 174168)
HAGENS BERMAN SOBOL SHAPIRO LLP
700 South Flower Street, Suite 2940
Los Angeles, CA 90017
Tel. (213) 330-7150
Fax (213) 330-7152
E-mail: lee@hbsslaw.com

Robert B. Carey (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Tel. (602) 840-5900
Fax (602) 840-3012

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel. (206) 623-7292
Fax (206) 623-0594

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER KEARNEY, NANCY KEARNEY, CHARLES MOORE, and SHARI MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA,<br><br>Defendant. | No. SACV09-01298 JST (MLGx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS**<br><br>**CLASS ACTION**<br><br>**Date: October 26, 2012**<br>**Time: 2:30 p.m.**<br>**Judge: Hon. Josephine Staton Tucker**<br>**Courtroom: 10A** |

# TABLE OF CONTENTS

**Page(s)**

I. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS APPROPRIATE ................................................................................................ 2

    A. The Rule 23(a) Factors Are Met ............................................................... 3

        1. Numerosity ..................................................................................... 3

        2. Commonality ................................................................................. 4

        3. Typicality ....................................................................................... 5

        4. Adequacy ....................................................................................... 6

    B. The Rule 23(b)(3) Factors Are Met .......................................................... 8

        1. Predominance ................................................................................ 8

        2. Superiority ................................................................................... 12

II. THE COURT SHOULD ALSO APPOINT SETTLEMENT CLASS COUNSEL ............................................................................................................ 14

- i -

Case No.: SACV09-01298 JST (MLGx)   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Amchem Prods. Inc. v. Windsor*,
    521 U.S. 591 (1997) ............................................................................... 2, 8, 13

*American Honda Motor Co., Inc. v. Superior Court*,
    199 Cal. App. 4th 1367 (Cal. App. 2d Dist. 2011) .............................................. 11

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) ...................................................................... 5

*Ballard v. Equifax Check Services, Inc.*,
    186 F.R.D. 589 (E.D. Cal. 1999) ................................................................ 14

*Chamberlan v. Ford Motor Co.*,
    402 F.3d 952 (9th Cir. 2005) .................................................................. 9, 11

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ..................................................................... 7

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ........................................................ 2-3, 5-6, 13

*Hunt v. Check Recovery Sys., Inc.*,
    241 F.R.D. 505 (N.D. Cal. 2007) ................................................................ 14

*In re Tobacco II Cases*,
    46 Cal.4th 298, 93 Cal. Rptr. 3d 559 (2009) ................................................ 9-10

*Keegan v. Am. Honda Motor Co.*,
    2012 U.S. Dist. LEXIS 91394 (C.D. Cal. June 12, 2012) ........................... 6-7, 9-12

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ..................................................................... 4

*Menagerie Prods. v. Citysearch*,
    2009 U.S. Dist. LEXIS 108768 (C.D. Cal. Nov. 9, 2009) .................................... 3

*Nguyen v. Baxter Healthcare Corp.*,
    275 F.R.D. 596 (C.D. Cal. 2011) ................................................................ 13

- ii -

Case No.: SACV09-01298 JST (MLGx)    MEMORANDUM OF POINTS AND AUTHORITIES IN
                                      SUPPORT OF PLAINTIFFS' MOTION FOR
                                      CERTIFICATION OF A SETTLEMENT CLASS

*Parkinson v. Hyundai Motor Am.*,
   258 F.R.D. 580 (C.D. Cal. 2008) ........................................................ 4-5, 10-11, 13

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ...................................................................................5

*Schwartz v. Harp*,
   108 F.R.D. 279 (C.D. Cal. 1985) ..............................................................................5

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ................................................................................ 6-7

*Stearns v. Ticketmaster Corp.*,
   655 F.3d 1013 (9th Cir. 2011) ........................................................................... 9-10

*Stuart v. Radioshack Corp.*,
   2009 U.S. Dist. LEXIS 12337 (N.D. Cal. Feb. 5, 2009) ..........................................3

*Thomasson v. GC Servs., Ltd. P'ship*,
   275 F.R.D. 309 (S.D. Cal. 2011) ............................................................................14

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir. 1996) ..................................................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) .................................................................................... 2, 4, 8

*Weeks v. Kellogg Co.*,
   2011 U.S. Dist. LEXIS 155472 (C.D. Cal. Nov. 23, 2011) ....................................13

**STATUTES**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .....................................................................4

Cal. Civ. Code §§ 1750, *et seq.* .....................................................................................4

**OTHER AUTHORITIES**

FED. R. CIV. P. 23 ..................................................................................................*passim*

Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs respectfully submit this memorandum of points and authorities in support of their Motion for Certification of the following settlement class (the "Settlement Class"): All Persons residing in one of the fifty states or the District of Columbia who are currently registered as the owner of (1) a Model Year 2006-2008 Sonata vehicle; (2) a Model Year 2007-2009 Santa Fe vehicle produced between April 19, 2006 through July 7, 2008; or (3) a Model Year 2006-2009 Azera vehicle, except that the following are excluded: (i) government entities; (ii) federal court judges assigned to this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; and (iii) persons who have previously executed a release of HMA, which release includes a claim of defective design of the Occupant Classification Systems at issue in this case.  (Joint Mot. for Prelim. Approval of Settlement, Exhibit A, Settlement Agreement § 2.1.)  The proposed settlement expands the number of owners who would be eligible for repair service as compared to HMA's prior recall campaign for only 2006 through 2008 Hyundai Sonatas, provides additional benefits for owners who participated in that recall campaign, and provides additional relief for Settlement Class members who remain unsatisfied with the performance of the Occupant Classification Systems ("OCS") in their Hyundai vehicles.  (*Id*. at §§ 4-5.)

I.      **Class Certification for Settlement Purposes is Appropriate**

This Court should certify the Settlement Class, because it satisfies the elements of Rule 23. In order for a settlement class to be certified, the requirements of Rule 23 of the Federal Rules of Civil Procedure must be satisfied. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (*citing Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997)). Trial manageability, however, is not a factor to consider when deciding whether to certify a settlement class, because there will not be a trial. *Amchem*, 521 U.S. at 620.

Rule 23(a) provides four prerequisites that must be satisfied before a class can be certified: (1) the class must be so numerous that joinder of all members is impracticable; (2) questions of law or fact exist that are common to the class; (3) the claims of the representative parties are typical of the claims of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). In addition, for purposes of certification under Rule 23(b)(3), common questions of law or fact must predominate over questions that affect only individual members of the class, and a class action must be found to be superior to other available methods of adjudication. FED. R. CIV. P. 23(b)(3); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2549 n.2 (2011).

**A.     The Rule 23(a) Factors Are Met**

        1.     Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is "impracticable." *Hanlon*, 150 F.3d at 1019 (*quoting* FED. R. CIV. P. 23(a)(1)). Even though there is no "magic number" to satisfy numerosity, forty members is sufficient to satisfy the numerosity requirement. *Menagerie Prods. v. Citysearch*, 2009 U.S. Dist. LEXIS 108768, at *16 (C.D. Cal. Nov. 9, 2009) (*citing Stuart v. Radioshack Corp.*, 2009 U.S. Dist. LEXIS 12337, at *5 (N.D. Cal. Feb. 5, 2009) ("courts have found that numerosity is satisfied when class size exceeds 40 members")). Here, the numerosity requirement is satisfied because hundreds of thousands of Class Vehicles were sold in the United States during the Class Period. According to the Joint Motion for Preliminary Approval of Class Settlement, the Sonata has a vehicle population of 393,713, the Santa Fe has a vehicle population of 277,608, and the Azera has a vehicle population of 65,476. (Joint Mot. for Prelim. Approval of Class Settlement 4.) These vehicles were marketed and sold with advanced air bags incorporating Hyundai's OCS. (Second Amended Complaint ("SAC") ¶ 93.) The Settlement Class consists of thousands of individuals nationwide, and therefore, it satisfies the numerosity requirement.

- 3 -

Case No.: SACV09-01298 JST (MLGx)       MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS

2.      Commonality

Commonality requires "questions of law or fact common to the class."  FED. R. CIV. P. 23(a)(2).  All questions of fact and law need not be common to satisfy the rule—"commonality only requires a single significant question of law or fact." *Mazza v. Am. Honda Motor Co.,* 666 F.3d 581, 589 (9th Cir. 2012) (*citing Dukes*, 131 S. Ct. at 2556).  But the class members' claims must "depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke."  *Id*. at 588 (*citing Dukes*, 131 S. Ct. at 2551).

The questions of law and fact that are common to the proposed Settlement Class include, *inter alia*: (1) whether the OCS is defective because it fails to detect the presence of persons of small-stature-adult size; (2) whether Hyundai misrepresented the OCS's ability to determine the presence of persons of small-stature-adult size; (3) whether Defendant concealed the defective OCS design; (4) whether Defendant breached express and implied warranties made to Plaintiffs and the Settlement Class by selling Hyundais with defective OCS in the advanced air bag systems; and (5) whether Defendant violated California law, including the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* and/or California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.  (SAC ¶ 96.)  *See also Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 595-

- 4 -

96 (C.D. Cal. 2008) (finding commonality where "plaintiffs' central common question is whether the 2003 manual-transmission Tiburon suffered from a flywheel defect"). The questions raised by Settlement Class members' claims have a sufficient common factual and legal basis, and their determination will resolve the central issues of this case in one stroke. Thus, the commonality requirement is satisfied.

### 3. Typicality

Typicality requires a determination of whether the named plaintiffs' claims are typical of those of the proposed class that they seek to represent. FED. R. CIV. P. 23(a)(3). The typicality requirement is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (*quoting Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001)); *see also Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985) (typicality is met if a plaintiff's claim "arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory"). The typicality standard is permissive, requiring "only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rodriguez*, 591 F.3d at 1124 (*quoting Hanlon*, 150 F.3d at 1020).

Here, the Plaintiffs' claims are typical of the claims of those of the Settlement Class because they arise from the same course of conduct by HMA. They each own a vehicle that is within the Settlement Class definition and has an OCS with problems. Hyundai allegedly manufactured the Class Vehicles purchased by the Settlement Class members with defects that caused a failure by the OCS to detect passengers of small-stature-adult size, thereby illuminating the "PASSENGER AIR BAG OFF" indicator and causing the front passenger-side air bag not to deploy in the event of an accident. (SAC ¶¶ 21, 23-24.) This ultimately led to a voluntary recall of 2006 through 2008 Hyundai Sonatas. (*Id.* at ¶ 57.) HMA allegedly failed to disclose this fact to purchasers of Class Vehicles. (*Id.* at ¶¶ 6, 108.) The Plaintiffs' claims are also typical of the claims of the Settlement Class members because they are based on the same legal theory: violation of the CLRA and UCL, and breach of express and implied warranties. Accordingly, the typicality requirement is satisfied.

4. <u>Adequacy</u>

The adequacy of representation requirement of Rule 23(a)(4) involves a two-part inquiry: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Keegan v. Am. Honda Motor Co.*, 2012 U.S. Dist. LEXIS 91394, at *52-53 (C.D. Cal. June 12, 2012) (*quoting Hanlon*, 150 F.3d at 1020; *accord Staton v. Boeing Co.*, 327 F.3d 938, 957

(9th Cir. 2003)). Adequate representation depends on an "absence of antagonism" and a "sharing of interest" between representatives and absentees. *Keegan*, 2012 U.S. Dist. LEXIS 91394, at *53 (*quoting Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)).

Plaintiffs' interests are aligned with those of the Settlement Class, and there are no conflicts or antagonism. Plaintiffs understand and are prepared to fulfill their duties to the Settlement Class. Throughout the course of this litigation, Plaintiffs have been available for multiple communications with Plaintiffs' counsel and provided information for their disclosures and other pleadings. (*See* Declaration of Robert B. Carey in Support of Joint Motion for Preliminary Approval of Class Settlement ("Carey Decl.") ¶ 12.)[1] Additionally, prior to filing the initial complaint in this action, Plaintiff Nancy Kearney attempted to gather information from other Hyundai owners to demonstrate that the OCS defect was a common issue that was affecting a large number of people. (*Id.*) Counsel for Plaintiffs and the Settlement Class, as more fully described below, is experienced class-action counsel and would vigorously prosecute this action.

---

[1] Defendant is filing the parties' Joint Motion for Preliminary Approval of Class Settlement and all corresponding exhibits concurrently with this motion.

### B. The Rule 23(b)(3) Factors Are Met

#### 1. Predominance

The predominance requirement under Rule 23(b)(3) mandates that issues common to the class "predominate" over issues unique to individual class members. FED. R. CIV. P. 23(b)(3). The predominance inquiry is meant to "tes[t] whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Dukes*, 131 S. Ct. at 2566 (*quoting Amchem*, 521 U.S. at 623).

Here, common issues predominate over individualized issues because each Settlement Class member's claim flows from the same common nucleus of operative facts. Each Settlement Class member purchased a Class Vehicle that has an alleged uniform defect in its OCS, which makes the Class Vehicles' OCS susceptible to failures in recognizing front passengers of small-stature-adult size; this defect was not disclosed by HMA. (SAC ¶¶ 6, 21, 23-24, 108.)

Individualized issues do not preclude certification of the Settlement Class here. With wearable vehicle parts, such as brakes or tires, individualized factors of use might affect the propensity of the part to fail. Such parts are designed to wear and eventually fail, and the usage patterns of individual Settlement Class members can accelerate or delay that failure. But the OCS is designed to last for the life of the vehicle, regardless of the usage patterns of individual drivers or passengers. Accordingly, any individualized issues of use should not preclude class certification.

In *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 962 (9th Cir. 2005), for example, the Ninth Circuit held that the district court did not abuse its discretion in certifying a class based on an alleged defect in the plastic intake manifolds of Ford vehicles that made the intake manifolds prone to cracking. Like the OCS, intake manifolds are designed to last for the life of the vehicle and their integrity does not depend on the idiosyncrasies of individual drivers. As such, individual patterns of use would not affect the adjudication of whether the manifolds contained a defect making them prone to crack. Likewise, individual patterns of use do not affect the integrity of the OCS and the adjudication of whether they contain a defect.

Common issues predominate with respect to Plaintiffs' CLRA claim. Causation for CLRA claims can be shown as to an entire class by proving that material misrepresentations (or omissions) have been made to the class. *Keegan*, 2012 U.S. Dist. LEXIS 91394, at *72 (*citing Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011)). Materiality is relevant to prove reliance, since "a presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material." *Id.* at *82 (*quoting In re Tobacco II Cases*, 46 Cal.4th 298, 327, 93 Cal. Rptr. 3d 559, 581 (2009)). Materiality is established if a reasonable person would attach importance to the information at issue in determining whether to engage in the transaction, such as when there is an unreasonable risk of safety problems. *Id.* at *72, 75 (internal citations omitted). Here, all Class Vehicles

were marketed and sold with advanced air bags incorporating Hyundai's OCS. (SAC ¶ 93.) And the following common, material issues exist with respect to Plaintiffs' CLRA claim: (1) whether HMA was aware of the alleged defect; (2) whether HMA had a duty to disclose the alleged defect; (3) whether HMA failed to do so; (4) whether the alleged defect would be material to a reasonable consumer; and (5) whether HMA's actions violated the CLRA. *See Parkinson*, 258 F.R.D. at 596 (predominance with respect to CLRA claim was met with these exact same questions). Therefore, Plaintiffs' CLRA claims satisfy the predominance requirement.

Likewise, common issues predominate under the Plaintiffs' UCL claim because the same common proof used to establish a violation of the CLRA can be used for a UCL claim. *Keegan*, 2012 U.S. Dist. LEXIS 91394, at *79-80. Furthermore, "relief under the UCL is available without individualized proof of deception, reliance and injury." *Id.* at *80 (*quoting Stearns*, 655 F.3d at 1021). As with Plaintiffs' CLRA claim, there is "a presumption, or at least an inference, of reliance" because Plaintiffs have shown that the omission of the OCS defect was material. *Id.* at *82 (*quoting In re Tobacco II Cases*, 46 Cal.4th at 327, 93 Cal. Rptr. 3d at 581); *see also Parkinson*, 258 F.R.D. at 596 (defendant's alleged knowledge of defect presents common issue for the CLRA and UCL claims because, if materiality is shown, reliance and causation may be presumed as to the entire class). Here, we

- 10 -

are not dealing with nonuniform, affirmative representations to Settlement Class members, but rather a failure to disclose the OCS defect to the Settlement Class as a whole. *See Keegan*, 2012 U.S. Dist. LEXIS 91394, at *81 (distinguishing *American Honda Motor Co., Inc. v. Superior Court*, 199 Cal. App. 4th 1367, 1377 (Cal. App. 2d Dist. 2011)). Thus, the following common questions predominate with respect to Plaintiffs' UCL claim: (1) was the part defective; (2) did the manufacturer have a duty to disclose the defect; (3) did the manufacturer fail to disclose the defect; and (4) was the failure to disclose likely to deceive a reasonable consumer. *See Parkinson*, 258 F.R.D. at 596-97 (predominance with respect to UCL claim was met with these questions).

The breach-of-express warranty claims (based on HMA's 60-month, 60,000-mile warranty) raised by Plaintiffs also satisfy the predominance standard. Here, Plaintiffs allege that the OCS's defect in recognition of small-stature-adult-sized front-side passengers extends to all Class Vehicles, and HMA failed to repair and replace to correct any component found to be defective in material or workmanship under normal use and maintenance. (SAC ¶¶ 4, 128-29.) Because the OCS is a nonwearable part, and its integrity and functionality do not degrade based on individual patterns of use, individualized issues of use do not predominate over the issue of the OCS's defectiveness. *See Chamberlan*, 402 F.3d at 962. Thus, Plaintiffs' express-warranty claims satisfy the predominance standard.

- 11 -

Similarly, Plaintiffs' claims regarding HMA's breach of the implied warranty of merchantability fulfill the predominance requirement. "The court's analysis regarding plaintiffs' express warranty claim dictates the outcome with respect to their breach of implied warranty claim." *Keegan*, 2012 U.S. Dist. LEXIS 91394, at *95. Here, Plaintiffs allege that the Class Vehicles were not in merchantable condition and were not fit for the ordinary purpose for which cars are used due to their OCS defect and the resultant alleged noncompliance with federal performance requirements. (SAC ¶¶ 139-140.) If Plaintiffs can demonstrate that the OCS defect is substantially certain to result in nondetection of persons of smaller-stature-adult size, and that defect renders the vehicles unfit and unsafe for front-seat passengers, they will prevail. Therefore, the breach-of-implied-warranty claim is "susceptible of common proof," and the Court should "certify the implied warranty claim for class treatment." *Keegan*, 2012 U.S. Dist. LEXIS 91394, at *96.

2. <u>Superiority</u>

Rule 23(b)(3) requires that a class action be superior to other methods of adjudicating the controversy. Rule 23(b)(3) provides the following nonexhaustive list of four factors to consider in this assessment:

(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

> (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
>
> (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (d) the difficulties likely to be encountered in the management of a class action.

FED. R. CIV. P. 23(b)(3).[2]

Each of the relevant Rule 23(b)(3) factors that guide the superiority inquiry is satisfied here. First, individually prosecuting each plaintiff's claim would be impractical because the cost of litigating a single case would exceed the potential return. *Hanlon*, 150 F.3d at 1023; *Weeks v. Kellogg Co.*, 2011 U.S. Dist. LEXIS 155472, at *37-38 (C.D. Cal. Nov. 23, 2011); *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 596, 603-04 (C.D. Cal. 2011); *Parkinson*, 258 F.R.D. at 597. The second and third factors also support certification of this action, because to Plaintiffs' knowledge, there are no other pending actions against Hyundai for the claims asserted by Plaintiffs, and concentrating the litigation in this Court will allow it to proceed in an efficient manner. Also, a class action is superior when "no realistic alternative" to a class action "exists." *Nguyen*, 275 F.R.D. at 603 (*quoting Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996)). Where absent class

---

[2] As explained above, trial manageability is not a factor in deciding whether to certify a settlement class. *Amchem*, 521 U.S. at 620.

members are unaware of their claim, the likelihood of multiple, individual claims is remote, and a class action is superior because no other alternatives are feasible. *See Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589, 600 (E.D. Cal. 1999) (because "individual consumers are most likely unaware of their rights....[c]lass action certifications to enforce compliance with consumer protection laws are desirable and should be encouraged.") (internal quotation omitted); *Thomasson v. GC Servs., Ltd. P'ship*, 275 F.R.D. 309, 317 (S.D. Cal. 2011) ("Individuals are most likely unaware of their rights under the FDCPA. As such, the likelihood of individual claims is remote and class action is superior."); *accord Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 514-15 (N.D. Cal. 2007).

## II.     The Court Should Also Appoint Settlement Class Counsel

Plaintiffs also request that the Court appoint Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Settlement Class counsel under Rule 23(g). Hagens Berman is responsible for the investigation, filing, and litigation of the action, and it negotiated the proposed settlement. Hagens Berman is experienced in this type of class-action litigation.[3] Therefore, Hagens Berman respectfully asks that the Court appoint it as Settlement Class counsel.

Respectfully submitted,

DATED: August 17, 2012            By: /s/Robert B. Carey

---

[3] Hagens Berman's resume is attached hereto as Exhibit A.

- 14 -

Case No.: SACV09-01298 JST (MLGx)        MEMORANDUM OF POINTS AND AUTHORITIES IN
                                         SUPPORT OF PLAINTIFFS' MOTION FOR
                                         CERTIFICATION OF A SETTLEMENT CLASS

| | |
|---|---|
| 1 | Robert B. Carey* |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | 11 West Jefferson Street, Suite 1000 |
| | Phoenix, AZ  85003 |
| 4 | Tel. (602) 840-5900 |
| 5 | Fax (602) 840-3012 |
| | E-mail: rob@hbsslaw.com |

Elaine T. Byszewski (SBN 222304)
Lee M. Gordon (SBN 174168)
HAGENS BERMAN SOBOL SHAPIRO LLP
700 South Flower Street, Suite 2940
Los Angeles, CA  90017
Tel. (213) 330-7150
Fax (213) 330-7152
E-mail: elaine@hbsslaw.com

Steve W. Berman*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Tel. (206) 623-7292
Fax (206) 623-0594
E-mail: steve@hbsslaw.com

*admitted pro hac vice*

- 15 -